UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAFAYETTE DIVISION

| | |
|---|---|
| **THEODORE M. HARRIS**<br>    LA. DOC #507984<br>VS. | **CIVIL ACTION NO. 6:15-cv-0437**<br><br>**SECTION P**<br><br>**JUDGE RICHARD T. HAIK, SR.** |
| **ANTHONY SALEME, JR., ET AL.** | **MAGISTRATE JUDGE PATRICK J. HANNA** |

REPORT AND RECOMMENDATION

*Pro se* plaintiff Theodore M. Harris, proceeding *in forma pauperis*, filed the instant civil rights complaint pursuant to 42 U.S.C. §1983 on January 8, 2015.[1] Plaintiff is an inmate in the custody of Louisiana's Department of Corrections who claims that he was wrongly convicted of simple robbery. He sued Anthony Saleme, Jr., the Assistant District Attorney who prosecuted him and Susan Dorsey, the Public Defender who represented him. He prays for "a chance at freedom."  This matter has been referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the Court. For the following reasons it is recommended that the complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted.

*Background*

Plaintiff is an inmate in the custody of Louisiana's Department of Corrections serving the seven year sentence imposed by the Sixteenth Judicial District Court, St. Mary Parish, following his guilty plea to a charge of simple robbery. When he filed this complaint he was incarcerated at

---

[1] Plaintiff filed his complaint in the United States District Court for the Middle District of Louisiana; however, since venue was improper the action was transferred to this Court.

the Rivers Correctional Center; he was subsequently transferred to the Concordia Parish Correctional Facility.

He claims that on November 5, 2013 he was accused of armed robbery by one Russell Walker who gave a statement to that effect to the Morgan City Police Department. Based on Walker's statement, plaintiff was arrested and jailed. On March 14, 2014 Walker provided a hand-written statement to the District Attorney stating that plaintiff did not rob him and that Walker no longer wished to pursue the charges. Plaintiff was apparently aware of the recantation and he asked the prosecutor why the charges were not dropped. The prosecutor claimed that notwithstanding the recantation, he believed that plaintiff was guilty. In any event, plaintiff pled guilty to the reduced charge of simple robbery and was sentenced to serve 7 years.

He sued the prosecutor and his defense attorney, but seeks only his release from custody.

## Law and Analysis

### 1. Screening

Plaintiff is a prisoner who has been permitted to proceed *in forma pauperis.* As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott,* 156 F.3d 578, 579-80 (5th Cir.1998) (*per curiam*). Because he is proceeding *in forma pauperis,* his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2) (B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the Court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams,* 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." *Id.* at 327. A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 570 (2007); *accord Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

### 2. *Habeas Corpus*

Although plaintiff filed his complaint as a civil rights complaint pursuant to Section 1983, it is abundantly clear that in filing this suit he seeks to obtain the dismissal of the charges which led to his conviction and his immediate release from custody. Thus, to the extent that his complaint may be construed as challenging the legality of his confinement or as seeking his immediate release from confinement, such claims must be raised by petition for *habeas corpus* relief; and, since plaintiff is in custody pursuant to the judgment of a state court, his petition would arise under the provisions of 28 U.S.C. §2254. *See Carson v. Johnson*, 112 F.3d 818, 820 (5th Cir.1997); *Cook v. Texas Dep't of Criminal Justice Transitional Planning Dep't*, 37 F.3d 166, 168 (5th Cir.1994); *Pugh v. Parish of St. Tammany*, 875 F.2d 436, 439 (5th Cir.1989); *Preiser v. Rodriguez*, 411 U.S. 475, 500, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973); *Serio v. Members of the La. State Board of Pardons*, 821 F.2d 1112, 1117 (5th Cir.1987). "Challenges to the validity of any confinement or to particulars affecting its duration are the province of *habeas corpus*." *Muhammad v. Close*, 540 U.S. 749, 750, 124 S.Ct. 1303, 1304 (2004).

Therefore, to the extent that plaintiff seeks his immediate release from custody in this civil rights litigation, such claim must be dismissed for failing to state a claim for which relief can be granted pursuant to 28 U.S.C. 28 U.S.C. § 1915A(b)(1).

Moreover, even if this Court were to construe the instant action as a petition for writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2254, dismissal would still be appropriate. That statute provides, as relevant to this proceeding:

> (b)(1) <u>An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless</u> it appears that –
>
> (A) the applicant has <u>exhausted the remedies available in the courts of the State</u>;

28 U.S.C. § 2254.

The exhaustion doctrine set forth in § 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971).

In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court.

Review of the presumptively reliable published jurisprudence of the State of Louisiana reveals no Louisiana Supreme Court writ judgments involving this plaintiff. Thus, even if this complaint is construed as arising under Section 2254, dismissal for lack of exhaustion would be warranted.

*Conclusion and Recommendation*

Therefore,

**IT IS RECOMMENDED THAT** plaintiff's civil rights complaint be **DISMISSED WITH PREJUDICE** for failing to state a claim for which relief may be granted pursuant to 28 U.S.C. §§1915 and 1915A.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen**

(14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

In Chambers, Lafayette, Louisiana May 21, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE